**Lieutenant D. JOHNSON, Petitioner,**

**v.**

**Ray H. PAGE, Warden, and the State of Oklahoma, Respondents.**

**No. A–14482.**

Court of Criminal Appeals of Oklahoma.

Jan. 3, 1968.

Lieutenant D. Johnson, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

## MEMORANDUM OPINION

NIX, Presiding Judge:

This is an original proceeding in which the petitioner, Lieutenant D. Johnson, seeks a writ of habeas corpus from this Court.

It will be noted at the outset, that the petitioner has previously filed in this Court a petition for writ of mandamus, No. A–14,236, reported as Johnson v. District Court of Oklahoma County, Okl.Cr., 429 P.2d 527, in which he sought an order of this Court to grant him a casemade at public expense from Oklahoma County, Oklahoma. This was denied, because the time for filing an appeal had expired, however, this Court instructed petitioner as follows:

"Where time for appeal has expired, and writ of mandamus for casemade will not issue, petitioner is entitled to file an application for Post-Conviction Appeal in Court of Criminal Appeals, under authority of Title 22, O.S.A. § 1073 (1965)."

"The Clerk of the Court of Criminal Appeals is hereby ordered to forthwith transmit forms of application for Post-Conviction Appeal to be completed by petitioner, and returned for filing."

The petitioner evidently chose not to pursue the *proper method* as outlined by this Court, and then proceeded to file an application in Federal Court for writ of habeas corpus, which was denied for reason that plaintiff had not filed for Post-Conviction Appeal in the state court, and therefore had not exhausted his state remedies, as outlined by this Court in the case cited above.

In the instant cause filed by petitioner, he emphasizes that he is seeking "writ

of habeas corpus", and still has not complied with the instructions of this Court, or of the Federal Court.

We are, therefore, of the opinion that until such time as petitioner files his petition for Post-Conviction Appeal as provided by the statutes of this State, and as required by every other petitioner in such cases, this Court will not entertain an instrument labeled "writ of habeas corpus", under the guise that the petitioner was denied his right to appeal and should be discharged.

The writ prayed for is dismissed.

BUSSEY and BRETT, JJ., concur.